# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS DALLAS DIVISION

| | |
|---|---|
| **MARK D. BARDWELL** § | |
| § | |
| § | **Civil Action No.** |
| v. § | **3-09CV1387-G** |
| **AUTOZONERS, LLC d/b/a** § | |
| **AUTOZONE, INC. and** § | |
| **AUTOZONE TEXAS, LTD.** § | |

## DEFENDANT'S FIRST AMENDED ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, AUTOZONERS, LLC (incorrectly sued as AUTOZONERS, LLC d/b/a AUTOZONE, INC.), in the above-styled and numbered cause, and files this their First Amended Answer and for same would respectfully show this Honorable Court the following:

### I.

AUTOZONERS, LLC d/b/a AUTOZONE, INC., has previously made an appearance herein. The correct Defendant is AUTOZONERS, LLC, a Nevada corporation whose principal place of business is located in Memphis, Tennessee. AUTOZONE, INC. is not the d/b/a of AUTOZONERS, LLC..

This pleading, being filed within five (5) days of the Notice of Removal, and no responsive pleading being filed, Defendant is entitled to file this pleading as a matter of course. *See* F.R.C.P. 15 and F.R.C.P. 81.

## II.

### Admissions and Denials

Defendant admits the allegations in subpart II, paragraph 1 of Plaintiff's Original Petition alleging that Plaintiff is a resident of Dallas County, Texas, based upon information and belief.

Defendant admits in part, and denies in part the allegations contained in subpart II, paragraph 2 of Plaintiff's Original Petition, specifically, Defendant admits that Plaintiff comes under the terms of the Aztex Advantage: AutoZone Texas Occupational Injury Benefit Plan executed on behalf of AutoZoners, LLC and by Plaintiff Mark D. Bardwell. Defendant denies that AutoZoners, LLC d/b/a AutoZone, Inc.'s principal place of business is located at 2223 S. Buckner, Dallas, Dallas County, Texas 75227.

Defendant denies, in part, the allegations contained in subpart III, paragraph 1 of Plaintiff's Original Petition in so far as Plaintiff alleges that venue is proper in Dallas County, Texas. Venue of Plaintiffs claims is proper in the United States Federal District Court for the Northern District of Texas, Dallas Division.

Defendant denies the allegations contained in subpart III, paragraph 2 of Plaintiff's Original Petition for the reason that this Court lacks jurisdiction over the claims of Plaintiff. Jurisdiction of Plaintiff's claims is solely vested in the United Stated Federal District Court for the Northern District of Texas, Dallas Division.

Defendant admits the allegations contained in subpart IV, paragraph 1.

Defendant denies all allegations contained in subpart IV, paragraph 2.

Defendant denies all allegations contained in subpart IV, paragraph 3 of Plaintiff's Original Petition.

Defendant denies all allegations contained in subpart IV, paragraph 4 of Plaintiff's Original Petition.

Defendant denies all allegations contained in subpart IV, paragraph 5 of Plaintiff's Original Petition.

As to the allegations contained in subpart V, Defendant admits that it is a non subscriber to the Texas Workers Compensation program, and if Plaintiff was injured, which this Defendant denies, that the question of existence, occurrence and extent of injury are governed pursuant to the provisions of the Aztex Advantage: AutoZone Texas Occupational Injury Benefit Plan. All other allegations are denied.

Defendant denies all of the allegations contained in subpart VI.

Defendant denies the allegations contained in subpart VII.

Defendant denies the allegations contained in subpart VIII.

### III.

### Affirmative Defenses

Defendant would show that it is not liable in the capacity in which it has been sued.

Defendant denies each and every, all and singular, the material allegations contained within Plaintiff's pleadings and demand strict proof thereof.

Defendant would show that Plaintiff's claims, if any, are required by contractual agreement and ERISA Plan to be Arbitrated.

Defendant would show that Plaintiff elected to proceed under the ERISA Plan and has thus elected his remedy.

Defendant would show that Plaintiff is making a claim arising out of Plaintiff's employment.

These claims are governed by an ERISA plan governing all claims of alleged on the job injury and alleged damages therefrom as provided by the Plan, a true and accurate copy of which is attached to Plaintiff and Defendant's Agreed Motion to Order Arbitration and Stay Proceedings Pending Arbitration, which is incorporated by reference as if fully set forth herein. Under the provisions of the Plan, Plaintiff is required to arbitrate the claims made the basis of this suit

## IV.

### Credit or Offset

Defendant would show that if Plaintiff, Mark D. Bardwell received benefits in respect of his claimed injury in the form of medical expenses and partial loss wage reimbursement then Defendant is entitled, in the unlikely event Plaintiff, Mark D. Bardwell should make any recovery against Defendant, to an offset or credit for such sums previously paid.

### Standing

Alternatively, or in conjunction with the foregoing, Plaintiff does not have standing to sue because of the aforementioned arbitration agreement.

### Prayer

For these reasons, Defendant asks the Court to do the following:

A.  Render judgment that Plaintiff takes nothing.

B.  Dismiss Plaintiff's suit with prejudice.

C.  Assess costs against Plaintiff.

D.  Or, alternatively to requested relief "A" through "C" order the parties to arbitration in accordance with the arbitration plan and to stay all proceedings.

And such other and further relief, both general and special, both at law and in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

**STRADLEY & WRIGHT**

By: _____
**HENRY S. WEHRMANN, P.C.**

State Bar No.  21076400
Abrams Centre
9330 LBJ Freeway, Suite 1400
Dallas, TX 75243
972-231-6001 Telephone
972-231-7004 Facsimile
E-mail: hwehrmann@earthlink.net

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

A copy of the foregoing has been mailed *via Pacer and first class, certified mail, return receipt requested*, to all counsel of record, on this the 30th day of July, 2009.

_____
**HENRY S. WEHRMANN, P.C.**